IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHET MURRY                                                    PETITIONER
ADC #088146

V.                              NO. 5:06CV00014 WRW/JWC

LARRY NORRIS, Director,                                       RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## RECOMMENDED DISPOSITION

Chet Murry, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2).  Respondent has filed a response (docket entry #5), to which Petitioner replied (docket entry #6).  For the reasons that follow, the petition should be dismissed without prejudice.

I.

Following entry of a guilty plea in March 2005 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of failing to register as a sex offender and was sentenced to seventy-two months of imprisonment.  By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2005).

Petitioner then filed in the state circuit court a petition for writ of habeas corpus, which was denied on May 10, 2005.  He filed a notice of appeal on July 14, 2005, and tendered the record.  The Arkansas Supreme Court clerk declined to lodge the record

because the notice of appeal had not been filed in a timely manner.  (Resp't Ex. 2 & 3.)

On June 3, 2005, Petitioner filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging: (1) prosecutorial misconduct in failing to promptly bring him to trial even though he was in prison for over a year and a half, and in withholding from the trial court information about his prior trial and sentence, which did not require him to register as a sex offender; (2) ineffective assistance of counsel for failing to object to the delay in bringing him to trial and for failing to check the transcript of his prior trial, which showed that registration was not required; and (3) denial of due process because of the delay in bringing him to trial.  On October 7, 2005, the Pulaski County Circuit Court denied his Rule 37 petition on the merits.  State v. Murry, No. CR 2004-4537 (Pul. Co. Cir. Ct.  Oct. 7, 2005).[1]  On November 17, 2005, Petitioner filed a notice of appeal from the Rule 37 denial and tendered the record to the clerk of the Arkansas Supreme Court.  The clerk declined to lodge the record because the notice of appeal was not timely filed.  (Resp't Ex. 1.)  See Ark. R. App. P.-Crim. 2(a)(4) (appeal of denial of Rule 37 post-conviction petition must be filed within thirty days of entry of order of denial).

Before the state circuit court denied the Rule 37 petition, Petitioner filed a federal petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  The Court dismissed the petition without prejudice so that Petitioner could proceed in state court with an appeal of the Rule 37 denial.  Murry v. Norris, No. 5:05cv283 (E.D. Ark. Nov. 28, 2005).  As stated above, Petitioner's efforts to perfect that appeal were unsuccessful.

---

[1]Although not resubmitted here, the Rule 37 petition and order were submitted as exhibits to docket entry #7 in Petitioner's first federal habeas action, Murry v. Norris, E.D. Ark. Case No. 5:05cv283.

Petitioner now brings this second federal habeas petition, advancing the following claims:

1.      He was denied the effective assistance of counsel because his attorney refused to get any information to strengthen his case, refused to form any defense strategy, and refused to obtain the transcript of Petitioner's prior trial in California, even though Petitioner told him his sentence did not require him to register as a sex offender;

2.      The prosecutor failed to bring him to trial promptly and failed to say anything about Petitioner's trial in California;

3.      The trial court lacked jurisdiction to convict or detain him because his prior conviction did not require him to register as a sex offender; and

4.      He was denied due process of law because he was not promptly brought to trial.

Respondent asserts that the petition should be dismissed without prejudice because Petitioner still has a state remedy which he should pursue before involving the federal courts, even though he is not required to do so.  Petitioner agrees and asks that he be allowed to return to state court.


II.

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim.  28 U.S.C. § 2254(b) & (c).  State remedies are not fully exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  Id. § 2254(c).  This requires state

prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round of the State's established appellate review process.*" O'Sullivan, 526 U.S. at 845 (emphasis added).

Petitioner raised essentially the same claims in his Rule 37 state post-conviction petition as he now raises here.  There is no dispute that, to comply with the exhaustion requirement, Petitioner was required to appeal the denial of the Rule 37 petition to the Arkansas Supreme Court.  See Armstrong v. Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005). This was the reason for this Court's dismissal of Petitioner's first federal habeas petition. It is not clear, however, whether the exhaustion doctrine also requires Petitioner to avail himself of state court procedures for attempting to revive an appeal that has been dismissed as untimely.  Under Arkansas law, when a criminal defendant has failed to file a timely notice of appeal of the denial of a Rule 37 post-conviction petition, his remedy is to file a motion for belated appeal pursuant to Ark. R. App. P.-Crim. 2(e) within eighteen months of entry of the order denying post-conviction relief.  To succeed, a party must demonstrate a "good reason" why the appeal was not timely perfected. McDonald v. State, 146 S.W.3d 883, 887-92 (Ark. 2004). Belated appeals have been allowed for several reasons.  E.g., Woodruff v. State, 916 S.W.2d 104 (Ark. 1996) (attorney error); Porter v. State, 698 S.W.2d 801 (Ark. 1985) (clerk of court failed to mail to prisoner a copy of the Rule 37 denial); Finnie v. State, 582 S.W.2d 19 (Ark. 1979) (indigent defendant did not know he was entitled to counsel, had no knowledge of his rights and was hospitalized when time for notice expired).

Petitioner's time for seeking a belated appeal has not yet expired, and he states that he believes he may be able to revive his appeal.  Respondent asserts that habeas

jurisprudence counsels dismissal of this petition without prejudice so that Petitioner can attempt to obtain final state-court review of his post-conviction actions.  The Court is not convinced that allowing him to return to state court in an effort to establish good cause for a belated appeal would be a futile exercise.  It may very well be that Petitioner's further attempts in state court may be unsuccessful; however, it would be speculative for this Court to presume how the Arkansas Supreme Court would rule on any application for belated appeal.  Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority.  Simpson v. Camper, 927 F.2d 392, 393 (8th Cir. 1991); Thomas v. Wyrick, 622 F.2d 411, 414 (8th Cir. 1980); see 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right *under the law of the State* to raise, by an available procedure, the question presented.") (emphasis added).  If the availability of a state-court remedy is uncertain, a federal habeas court should allow the state courts the opportunity to definitively resolve the uncertainty.  See Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995); Woods v. Kemna, 13 F.3d 1244, 1245-46 (8th Cir. 1994).  See also Teague v. Lane, 489 U.S. 288, 325-26 (1989) (Stevens, J., concurring in part and dissenting in part) (admonishing against treating non-exhaustion issues as procedural default issues absent unequivocal conclusion that no state remedies remain).

In determining the timing of his state post-conviction efforts and any future refiling of this habeas action, Petitioner is advised to act promptly and to consider the effect of the statute of limitations as set forth in 28 U.S.C. § 2244(d).  Generally, this provision bars as untimely a federal habeas petition not filed within one year of the date on which the petitioner's state court judgment became final.  Id. § 2244(d)(1). Time consumed by

*properly* filed state post-conviction proceedings is excluded from this computation.  Id. § 2244(d)(2).   This means the limitations period does not run, or is tolled, during the pendency of a properly filed state post-conviction proceeding, that is, the time a post-conviction petition is pending at the trial level, the interval between the state trial court's denial of the petition and the filing of a *timely* appeal from that denial, and the period a timely appeal is pending in the state appellate court.  See Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (limitations period tolled until state post-conviction application has achieved "final resolution" through the "ordinary state collateral review process"); Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005).  This also includes the period during which a properly filed motion for belated or out-of-time appeal is under consideration by a state court.  Allen v. Mitchell, 276 F.3d 183, 186 (4th Cir. 2001); Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000); Fernandez v. Sternes, 227 F.3d 977, 979-80 (7th Cir. 2000).

However, the limitations period continues running during the pendency of untimely or otherwise improperly filed post-conviction proceedings.  Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005).  Additionally, the statute of limitations continues to run during the time that a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181 (2001).

Therefore, it appears that some of the one-year limitations period has already elapsed.  If he has not already done so, Petitioner is advised to promptly file his motion for belated appeal in state court and, once the Arkansas Supreme Court issues a decision, he should, if necessary, refile his federal habeas petition as soon as possible.

Dismissal without prejudice is recommended, rather than the "stay and abeyance" procedure described in Rhines v. Weber, 125 S. Ct. 1528 (2005), which may be

appropriate in limited circumstances not present here.  See id. at 1534-35 (appropriate to stay "mixed" petition containing both exhausted and unexhausted claims where "good cause" exists for failure to exhaust, the unexhausted claims are not "plainly meritless," and reasonable time limits are imposed); Pace, 125 S. Ct. at 1813 (because an untimely state post-conviction petition does not toll the federal statute of limitations, stay may be appropriate where petitioner is reasonably confused about the timeliness of the state post-conviction petition that he is returning to state court to pursue).


III.

This 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) should, therefore, be dismissed without prejudice to Petitioner's refiling after completion of his belated-appeal proceedings in state court, if necessary.

DATED this 28th day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE